UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Government Exhibit 2** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | NO. P-17-CR-230 |
| | ) | |
| MORRIS RAY CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

## FACTUAL BASIS

The United States was prepared to show the following facts through competent evidence beyond a reasonable doubt that the Defendant is guilty had this case gone to trial. The defendant and his attorney have signed this factual basis. By signing this factual basis, the Defendant admits and stipulates that the following facts are true and accurate and that they support his plea of guilt and that the Defendant admits guilt.

Between on or about September 24, 2015 to on or about March 8, 2016, the Defendant was involved in the plant business with a focus on cactus. The Defendant would harvest these plants within the Pecos Division, of the Western District of Texas, and then transport these plants to his residence also located within the Western District of Texas. There he would mail these plants to various customers all over the world.

The plants in question were primarily the living rock cacti (*Ariocarpus fissuratus*), a plant listed in Appendix I to the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES").

Pursuant to 16 U.S.C.A. § 1538(c)(1):

> It is unlawful for any person subject to the jurisdiction of the United States to engage in any trade in any specimens contrary to the provisions of the Convention, or to possess any specimens traded contrary to the provisions of the Convention, including the definitions of terms in article I thereof.

Pursuant to the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES"), Article I(c) and (b):

> "Trade" means export, re-export, import and introduction from the sea.

> "Specimen" means:
> (i) any animal or plant, whether alive or dead;
> (ii) in the case of a plant: for species included in Appendix I, any readily recognizable part or derivative thereof; and for species included in Appendices II and III, any readily recognizable part or derivative thereof specified in Appendices II and III in relation to the species; . . .

The CITES Permit Requirements:

> For specimens of species listed in Appendix I, a valid export permit issued by the CITES Management Authority in the specimen's country of origin (or a valid re-export certificate issued by the country of re-export), as well as a valid import permit from the country of import, must be obtained prior to shipping any such species from one country to another.

The Defendant, aware of the law and in order to avoid detection of his business transactions, knowingly and intentionally mislabeled what was in the packages that he was shipping overseas, in foreign commerce.

Specifically, for example, on February 1, 2016, the Defendant mailed a package, containing eighteen (18) living rock cacti, to be shipped internationally, via the United States Postal Service using United Parcel Service, from Terlingua, Texas, to a Frongia Livo in Italy. On the United States Postal Service (USPS) Form 2976-A, Customs Declaration and Dispatch Note, Carter listed the contents as "Merchandise" "Home Decorations"". The package was identified

as USPS tracking number #CF219316679US. The Defendant signed this document. The package contained no additional documents, including any type of exporting documents, issued through the United States Fish and Wildlife Service, needed to legally export such products as mentioned above.

Also on February 1, 2016, in the Western District of Texas, the Defendant mailed a package containing ten (10) living rock cacti that was intended to be shipped internationally, via the United States Postal Service, from Terlingua, Texas to Wu Zheng Ping in Shanghai, China. On the United States Postal Service (USPS) Form 2976-A, Customs Declaration and Dispatch Note, the Defendant listed the contents as "Merchandise" "Home Decorations". The package was identified as USPS tracking number # CF120363293US. The Defendant signed this document. The package contained no additional documents, including any type of exporting documents issued through the United States Fish and Wildlife Service needed to legally export such products as mentioned above.

On February 3, 2016, in the Western District of Texas, the Defendant mailed a package containing twenty-six (26) living rock cacti that was intended to be shipped internationally, via the United States Postal Service, from Terlingua, Texas to Werner Hoppen located in Wien, Austria. On the United States Postal Service (USPS) Form 2976-A, Customs Declaration and Dispatch Note, the Defendant listed the contents as "Merchandise" "Home Decorations". The package was identified as USPS tracking number # CF023610053US. The Defendant signed this document. The package contained no additional documents, including any type of exporting documents, issued through the United States Fish and Wildlife Service, needed to legally export such products as mentioned above.

Then on February 8, 2016, in the Western District of Texas, the Defendant mailed a package containing twenty-six (26) living rock cacti that was intended to be shipped internationally, via the United States Postal Service, from Terlingua, Texas to Prawit Sirrat located in Bangkok, Thailand. On the United States Postal Service (USPS) Form 2976-A,

Customs Declaration and Dispatch Note, the Defendant listed the contents as "Merchandise" "Home Decorations". The package was identified as USPS tracking number # CF219376244US. The Defendant signed this document. The package contained no additional documents, including any type of exporting documents, issued through the United States Fish and Wildlife Service, needed to legally export such products as mentioned above.

Also on February 8, 2016, in the Western District of Texas, the Defendant mailed a package containing twenty-nine (29) living rock cacti that was intended to be shipped internationally, via the United States Postal Service, from Terlingua, Texas to Sineenard Yindeear-rom located in Bangkok, Thailand. On the United States Postal Service (USPS) Form 2976-A, Customs Declaration and Dispatch Note, the Defendant listed the contents as "Merchandise" "Home Decorations". The package was identified as USPS tracking number # CF219376142US. The Defendant signed this document. The package contained no additional documents, including any type of exporting documents, issued through the United States Fish and Wildlife Service, needed to legally export such products as mentioned above.

Then on February 25, 2016, in the Western District of Texas, the Defendant mailed a package containing three (3) living rock cacti that was intended to be shipped internationally, via the United States Postal Service, from Terlingua, Texas to Choi Mina in Korea. On the United States Postal Service (USPS) Form 2976-A, Customs Declaration and Dispatch Note, the Defendant listed the contents as "Ceramic Pottery". The package was identified as USPS tracking number # CF120565225US. The Defendant signed this document. The package contained no additional documents, including any type of exporting documents, issued through the United States Fish and Wildlife Service, needed to legally export such products as mentioned above.

During the course of the investigation, Agents intercepted a total of 5 shipments of living rock cacti (*Ariocarpus fissuratus*) that the Defendant exported and in doing so intentionally

mislabeled to cover the true identity of the contents that he was shipping, to wit: living rock cacti (*Ariocarpus fissuratus*).

During a subsequent search of the Defendant's residence and business it was determined that the Defendant had shipped and mislabeled 128 shipments of plants that were protected under "CITES". That the market value of the plants that were exported was over $350. In fact, the Defendant grossed approximately $77,000 by mislabeling protected plants he mailed or exports overseas.

The Defendant, after waiving his rights, admitted that he was aware of what he was doing was illegal. He was aware the living rock cacti was a protected species of plants and that to insure his illegal actions would not be readily identified he mislabeled the packaging when he shipped the plants overseas.


MORRIS RAY CARTER
Defendant


JAIME ESCUDER
Defense Counsel


JAMES J. MILLER, JR.
Assistant United States Attorney